**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTOPHER MIELO and SARAH HEINZL, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiffs, | |
| v. | Filed Electronically |
| STEAK 'N SHAKE OPERATIONS, INC., | |
| Defendant. | |

## CLASS ACTION COMPLAINT

COMES NOW, Christopher Mielo and Sarah Heinzl, (collectively "Plaintiffs") on behalf of themselves and all others similarly situated and allege as follows:

## INTRODUCTION

1.      Plaintiffs Christopher Mielo and Sarah Heinzl bring this action individually and on behalf of all others similarly situated against Steak 'n Shake Operations, Inc. ("Defendant"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., (the "ADA") and its implementing regulations, in connection with accessibility barriers at various properties owned, operated, controlled, leased and/or franchised by Defendant ("Defendant's facilities").

2.      Plaintiffs each have mobility disabilities and are limited in the major life activity of walking, which has caused them to be dependent upon wheelchairs for mobility.

3.      Plaintiffs have patronized Defendant's facilities in the past, and intend to continue to patronize Defendant's facilities.  However, unless Defendant is required to remove the access

barriers described below, Plaintiffs will continue to be denied full access to Defendant's facilities as described, and will be deterred from fully using Defendant's facilities.

4. Therefore, on behalf of a class of similarly situated individuals, Plaintiffs seek a declaration that Defendant's facilities violate federal law as described and an injunction requiring Defendant to remove the identified access barriers so that Defendant's facilities are fully accessible to, and independently usable by individuals with mobility disabilities, as required by the ADA. Plaintiffs further request that, given Defendant's historical failure to comply with the ADA's mandate, over a period of many years, the Court retain jurisdiction of this matter for a period to be determined to ensure that Defendant comes into compliance with the relevant requirements of the ADA and to ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

5. On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

6. The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

7. Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181-89.

8. Defendant is required to remove existing architectural barriers when such removal is readily achievable for places of public accommodation that existed prior to January 26, 1992,

2

28 CFR 36.304(a) and 42 U.S.C. Section 12182(b)(2)(A)(iv); in the alternative, if there has been

an alteration to Defendant's places of public accommodation since January 26, 1992, the

Defendant is required to ensure to the maximum extent feasible, that the altered portions of the

facilities are readily accessible to and useable by individuals with disabilities, including

individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities were

designed and constructed for first occupancy subsequent to January 26, 1992, as defined in 28

CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by

individuals with disabilities as defined by the ADA.

9.      Defendant owns, operates, franchises, controls and/or leases places of public

accommodation.

10.      Defendant's facilities are not fully accessible to, and independently usable by

individuals who use wheelchairs.

11.      While Defendant has centralized management policies regarding the design,

construction, operation and maintenance of its facilities, those policies are inadequate, and

Defendant's facilities continue to be inaccessible to, and not independently usable by individuals

who use wheelchairs.  With respect to its franchised locations, Defendant assists franchisees with

site selection, approves restaurant sites, provides prototype plans for the restaurants and sites and

provides construction support and design/construction specifications, including final sign-off of

construction and site preparation.

## JURISDICTION AND VENUE

12.     This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12188.

13.     Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

14.     Venue in this judicial district is proper under 28 U.S.C. §1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## PARTIES

15.     Plaintiff, Christopher Mielo ("Plaintiff Mielo"), is and, at all times relevant hereto, was a resident of the Commonwealth of Pennsylvania.  As described above, as a result of his disability, Plaintiff Mielo relies upon a wheelchair for mobility.  He is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*

16.     Plaintiff, Sarah Heinzl ("Plaintiff Heinzl"), is and, at all times relevant hereto, was a resident of the Commonwealth of Pennsylvania.  As described above, as a result of her disability, Plaintiff Heinzl relies upon a wheelchair for mobility.  She is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*

17.     Defendant Steak 'n Shake Operations, Inc. is headquartered at 36 S. Pennsylvania Street, Suite 500, Indianapolis, IN 46204.

18.     Defendant is a public accommodation pursuant to 42 U.S.C. §12181(7).

## VIOLATIONS AT ISSUE

19.     Plaintiff Mielo has visited Defendant's restaurant location at 650 Waterfront Drive, East Munhall, PA ("Subject Property 1"), where he experienced unnecessary difficulty and risk due to excessive slopes in a purportedly accessible parking space and access aisle.

20.     Plaintiff Heinzl visited Defendant's restaurant location at 410 Clairton Boulevard, Pleasant Hills, PA ("Subject Property 2").  During that visit she experienced unnecessary difficulty and risk due to excessive surface slope in purportedly accessible parking spaces and access aisles, and excessive cross slope along the route connecting purportedly accessible parking spaces to the facility's entrance.

21.     On Plaintiffs' behalf, investigators examined Defendant's restaurants at multiple locations, and found the following violations, which are illustrative of the fact that Defendant's ADA compliance policies are inadequate:

a)  650 Waterfront Drive, East Munhall, PA

 i.   The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%; and

 ii.   The surfaces of one or more access aisles had slopes exceeding 2.1%.

b)  410 Clairton Boulevard, Pleasant Hills, PA

 i.   The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

 ii.   The surfaces of one or more access aisles had slopes exceeding 2.1%; and

 iii.   A portion of the route to the facility entrance had a cross slope exceeding 2.1%.

c)  2005 Pittsburgh Mills Boulevard, Tarentum, PA

   i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

  d) 230 Golfview Drive, Monaca, PA

   i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%; and

   ii. The surfaces of one or more access aisles had slopes exceeding 2.1%.

  e) 500 Greengate Centre Circle, Greensburg, PA

   i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

   ii. The surfaces of one or more access aisles had slopes exceeding 2.1%;

   iii. One or more purportedly accessible spaces were not marked with required signs; and

   iv. No spaces were designated as "van accessible".

  f) 6786 Applewood Boulevard, Youngstown, OH

   i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

   ii. No spaces were designated as "van accessible"; and

   iii. One or more signs designating spaces as "accessible" were mounted less than 60 inches above the finished surface or the parking area.

  g) 555 Youngstown Warren Road, Niles, OH

   i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%; and

   ii. The surfaces of one or more access aisles had slopes exceeding 2.1%.

h) 597 East Aurora Road, Macedonia, OH

    i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

    ii. The surfaces of one or more access aisles had slopes exceeding 2.1%;

    iii. A portion of the route to the facility entrance had a running slope exceeding 5.0%; and

    iv. A curb ramp located on the route to the building entrance had an excessive running slope.

22. As a result of Defendant's non-compliance with the ADA, Plaintiffs' ability to access and use Defendant's facilities has been significantly impeded.

23. Though Defendant has centralized policies regarding the management and operation of its facilities, Defendant has never had an effective policy that is reasonably calculated to make its facilities fully accessible to, and independently usable by individuals with mobility disabilities.

24. As individuals with mobility disabilities who are dependent upon wheelchairs, Plaintiffs have a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

25. Subject Property 1 is located at The Waterfront in Homestead, Pennsylvania which is approximately 7 miles from Plaintiff Mielo's residence.  Plaintiff Mielo visits The Waterfront approximately once a month.

26. Plaintiff Mielo intends to continue to visit the Subject Property 1.

27.     Subject Property 2 is located near Century III Mall in West Mifflin, Pennsylvania which is approximately 8 miles from Plaintiff Heinzl's residence.  Plaintiff Heinzl frequently visits Century III Mall and the surrounding area frequently to shop and dine.

28.     Plaintiff Heinzl intends to continue to visit the Subject Property 2.

29.     Furthermore, Plaintiffs intend to return to Defendant's restaurants to ascertain whether those facilities remain in violation of the ADA.  However, so long as the numerous architectural barriers at Defendant's facilities continue to exist, Plaintiffs will be deterred from returning to Defendant's facilities.

30.     Without injunctive relief, Plaintiffs will continue to be unable to fully access Defendant's facilities in violation of their rights under the ADA.

## CLASS ALLEGATIONS

31.     Plaintiffs brings this class action on behalf of themselves and all others similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of all wheelchair users who have attempted, or will attempt, to access Defendant's facilities.

32.     The class described above is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

33.     Typicality:  Plaintiffs' claims are typical of the claims of the members of the class.  The claims of the Plaintiffs and members of the class are based on the same legal theories and arise from the same unlawful conduct.

34.     Common Questions of Fact and Law:  There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and

enjoyment of, Defendant's facilities and/or services due to Defendant's failure to make its facilities fully accessible and independently usable as above described.

35.     <u>Adequacy of Representation:</u>  Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the members of the class.  Plaintiffs will fairly, adequately, and vigorously represent and protect the interests of the members of the class and have no interests antagonistic to the members of the class.  Plaintiffs have retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

36.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiffs and the Class as a whole.

<h2 style="text-align:center;"><u>SUBSTANTIVE VIOLATION</u></h2>

37.     The allegations contained in the previous paragraphs are incorporated by reference.

38.     Defendant's facilities were altered, designed, or constructed, after the effective date of the ADA.

39.     Defendant's facilities were required to be altered, designed, and constructed so that they are readily accessible to and usable by individuals who use wheelchairs.  42 U.S.C.§ 12183(a)(1).

40.     The architectural barriers described above demonstrate that Defendant's facilities were not altered, designed, or constructed in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs.

41.     The architectural barriers described above demonstrate that Defendant has failed to remove barriers, as required by 42 U.S.C. Section 12182(b)(2)(A)(iv).

42.     Defendant's facilities are required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards 42 U.S.C. § 12183(a)(1);  28 C.F.R. § 36.406;  28 C.F.R., pt. 36, app. A.

43.     Defendant is required to provide individuals who use wheelchairs full and equal enjoyment of its facilities.  42 U.S.C. § 12182(a).

44.     Defendant has failed, and continues to, fail, to provide individuals who use wheelchairs with full and equal enjoyment of its facilities.

45.     Defendant has discriminated against Plaintiffs and the Class in that it has failed to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs in violation of 42 U.S.C. § 12182(a) as described above.

46.     Defendant's conduct is ongoing, and Plaintiffs have been harmed by Defendant's conduct.

47.     Given that Defendant has not complied with the ADA's requirements to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs, Plaintiffs invoke their statutory rights to declaratory and injunctive relief, as well as costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the members of the class, pray for:

a.     A declaratory judgment that Defendant is in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant's facilities, as described above, are not fully accessible to, and independently usable by, individuals who use wheelchairs;

b.   A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendant to take all steps necessary to remove the architectural barriers described above and to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its facilities are fully accessible to, and independently usable by, individuals who use wheelchairs, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant's facilities come into compliance  with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c.   An Order certifying the class proposed by Plaintiffs, and naming Plaintiffs as class representatives and appointing their counsel as class counsel;

d.   Payment of costs of suit;

e.   Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

f.   The provision of whatever other relief the Court deems just, equitable and appropriate.


Dated: February 10, 2015                              Respectfully Submitted,


                                                      */s/ R. Bruce Carlson*
                                                      R. Bruce Carlson (PA56657)
                                                      bcarlson@carlsonlynch.com
                                                      Benjamin J. Sweet (PA87338)
                                                      bsweet@carlsonlynch.com
                                                      Stephanie Goldin (PA202865)
                                                      sgoldin@carlsonlynch.com
                                                      CARLSON LYNCH SWEET &
                                                          KILPELA LLP
                                                      PNC Park
                                                      115 Federal Street, Suite 210
                                                      Pittsburgh, PA 15212
                                                      www.carlsonlynch.com
                                                      (p)  412 322-9243
                                                      (f)   412 231-0246