**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTOPHER MIELO and SARAH HEINZL, individually and on behalf of all others similarly situated, | Case No. 15-cv-180 |
| Plaintiffs, | |
| v. | Filed Electronically |
| STEAK 'N SHAKE OPERATIONS, INC., | |
| Defendant. | |

**Fed. R. Civ. P. 26(f) REPORT TO THE PARTIES**

1.      **Identification of counsel and unrepresented parties**

        **Parties and Representatives:**

| | |
|---|---|
| PLAINTIFFS: | **CHRISTOPHER MIELO and SARAH HEINZL** |
| ATTORNEY: | **R. Bruce Carlson, Esquire** |
| | **Benjamin J. Sweet, Esquire** |
| | **Stephanie K. Goldin, Esquire** |
| | Carlson Lynch Sweet & Kilpela |
| | 1133 Penn Ave., 5th Floor |
| | Pittsburgh, PA 15222 |
| | (412) 322-9243 |
| | bcarlson@carlsonlynch.com |
| | bsweet@carlsonlynch.com |
| | sgoldin@carlsonlynch.com |

| | |
|---|---|
| DEFENDANT: | **STEAK 'N SHAKE OPERATIONS, INC.** |
| ATTORNEY: | David Raizman, Esquire |
| | **Patrick J. Fazzini, Esquire** |
| | Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |
| | One PPG Place, Suite 1900 |
| | Pittsburgh, Pennsylvania 15222 |
| | (412) 394-3390 |
| | (412) 315-6040 |
| | patrick.fazzini@ogletreedeakins.com |

2.      **Set forth the general nature of the case**:

**Plaintiffs' Position**: The instant case is a putative class action, in which Plaintiffs allege a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. and its implementing regulations. Plaintiffs claim that Defendant's facilities are not fully accessible to and independently usable by people with mobility disabilities. Plaintiffs seek injunctive relief and class certification under Fed.R.Civ.P. 23(b)(2).

**Defendant's Position**: Defendant denies Plaintiffs' allegations, denies that class certification is appropriate, and denies that any relief is appropriate.

**3.     Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

The Rule 26(f) Conference was held on August 7, 2015. The participants included Stephanie K. Goldin for the Named Plaintiffs and Patrick J. Fazzini for Defendant.

**4.     Date of Rule 16 Initial Scheduling Conference as scheduled by the Court**:

The Rule 16 Initial Scheduling Conference is set for August 17, 2015 at 9:30 a.m., Room 9240, United States Post Office & Courthouse, Pittsburgh, PA.

**5.     Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed**:

The Parties do not anticipate the filing of any Rule 12 dispositive motions.

**6.     Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

The Parties have mutually agreed to mediation as the specific ADR process. The Parties have selected Mr. David White as mediator. The Parties are seeking to identify a mutually agreeable date prior to October 16, 2015 to conduct this mediation.

**7.     Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

The Parties will exchange Rule 26(a) disclosures on or before November 15, 2015.

**8.     Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Fed. R. Civ. P. Rule 23 are satisfied, including preliminary inquiry into the merits of the case to ensure appropriate management of the case**

**as a Class Action. However, in order to ensure that a class certification decision be issued at an early practicable time, priority shall be given to discovery on class issues. Once Class Certification is decided, the Court may, upon motion of a party, enter a second scheduling order, if necessary.**

The Parties anticipate that they will be able to work cooperatively with respect to those issues that may relate to both class certification and substantive issues, and thus, do not believe that a formal bifurcation of discovery is necessary.

**9.     Subjects on which class certification discovery may be needed. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):**

Named Plaintiffs' Statement:

Plaintiffs expect to serve document requests, interrogatories and possibly requests for admission. Plaintiffs further expect to take a corporate designee deposition of Defendant, and possibly a small number of third-party depositions. This discovery will go to both merits and class certification.

Defendant's Statement:

Similarly, Defendant expects to serve document requests, interrogatories and possibly requests for admission, and further expects to take Plaintiffs' depositions early in the discovery process.  This discovery will go to both mertis and class certification.

**10.     Set forth suggested dates for the following**

**a.     Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

November 15, 2015

**b.     Date by which any additional parties shall be joined:**

December 1, 2015

**c.     Date by which the pleadings shall be amended:**

December 1, 2015

**d.     Date by which class certification fact discovery shall be completed:**

March 1, 2016

**e.**   **Date by which plaintiff's expert reports as to class certification shall be filed:**

March 1, 2016

**f.**   **Date by which defendant's expert reports as to class certification shall be filed:**

April 15, 2016

**g.**   **Date by which depositions of class certification experts must be completed:**

May 15, 2016

**h.**   **Plaintiff's Motion for Class Certification, Memorandum in Support, and all supporting evidence shall be filed by:**

June 15, 2016

**i.**   **Defendant's Memorandum in Opposition to Class Certification and all supporting evidence shall be filed within 30 days after Plaintiff's motion is filed.**

**j.**   **Plaintiff's Reply Memorandum in support of class certification, if any, shall be filed within 15 days after Defendant's response in opposition is filed.**

**k.**   **The Class Certification hearing shall be as scheduled by the Court.**

**11.**   **After the resolution of the motion for class certification, the Court shall hold a Post-Certification Determination Conference to discuss how the case shall proceed in light of the disposition of the Class motion. If the parties wish to establish a schedule for post-Class Certification pretrial matters at this time, set forth the suggested dates for the following:**

The Parties have elected to schedule a Post-Certification Determination Conference.

**a.**   **Date by which fact discovery should be completed:** See above.

**b.**   **Date by which plaintiff's expert reports should be filed:** See above.

**c.**   **Date by which depositions of plaintiff's expert(s) should be completed:** See above.

**d.**   **Date by which defendant's expert reports should be filed:** See above.

**e.**   **Date by which depositions of defendant's expert(s) should be completed:** See above.

**f.**   **Date by which third party expert's reports should be filed:** See above.

       **g.**      **Date by which depositions of third party's experts should be completed:** See above.

**12.    If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

      The Parties do not believe that changes should be made to the limitations on discovery imposed by the Federal or Local Rules of Civil Procedure.

**13.    Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration:**

      No special deadlines or procedures are necessary. Parties have agreed that Defense counsel will consult with relevant IT staff and Plaintiff's counsel will confer with Plaintiff regarding the universe of ESI in each respective party's possession.  The Parties agree that documents kept in the ordinary course of business, including emails and electronic work processing documents, are reasonably accessible.  The parties have agree that ESI is also "reasonably accessible" if the custodian of the information can readily access and use the ESI (i.e., click and open it or download it) on his or her computer or device, or, with respect to email, tesxt messages, and instant messages, if it can be readily accessed by IT staff from a server or similar centralized data repository.

**14.    Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:**

      The Parties have elected to schedule a Post-Certification Determination Conference and, therefore, will discuss how the case shall proceed in light of the disposition of the Class motion at that time.

       **a.**      **Settlement and/or transfer to an ADR procedure;** See above.

       **b.**      **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 11.b. through 11.g., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;** See above.

       **c.**      **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;** See above.

       **d.**      **Dates by which parties' pre-trial statements should be filed;** See above.

      **e.**        **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;** See above.

      **f.**        **Dates on which motions *in limine* and *Daubert* motions shall be heard;** See above.

      **g.**        **Dates proposed for final pre-trial conference;** See above.

      **h.**        **Presumptive and final trial dates.** See above.

**15.**    **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

      Depending on the nature of the discovery, the parties may request the entry of a protective order.

**16.**    **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

      The parties do not anticipate the need for a special master.

**17.**    **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 10 and/or 11, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

      Not applicable.

**18.**    **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

      The parties have not engaged in preliminary settlement discussions; however, are open to the possibly of settlement in an effort to achieve a prompt resolution of this matter.

Dated: August 10, 2015        Respectfully submitted,


                */s/ Patrick J. Fazzini*
                Patrick J. Fazzini
                Attorney for Defendant

                */s/ Benjamin J. Sweet*
                Benjamin J. Sweet
                Attorney for Plaintiffs